IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **SERAH DUNPHY,** on Behalf of Herself and on Behalf of Others Similarly Situated**,** § § § | CA No._____ | |
| Plaintiffs, § | | |
| v. § | JURY DEMANDED | |
| § | | |
| **PROJECT ARISTOCRAT LIFE FOUNDATION, STEVEN A. ROGERS, JOHN CARAVELLO, TANNER COX, AND MOHEED MARTINS, JR.** § § § § § | | |
| Defendants. § | | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### 1. SUMMARY

1.1. Defendants, Project Aristocrat Life Foundation, Steven A. Rogers, John Caravello, Tanner Cox, and Moheed Martins, Jr., (collectively referred to as "Defendants"), failed to pay Plaintiff, Serah Dunphy, ("Plaintiff") and its other cocktail waitresses and runners for all hours worked during private party events held in Houston, Texas during the period of time leading up to the National Football League championship game commonly known as the "Super Bowl."  Defendants also improperly retained tips earned by Plaintiff and other cocktail waitresses and runners it employed.

1.2. The FLSA prohibits employers from retaining tips received by employees who customarily and regularly receive tips from customers/clients served on the employer's behalf.  Under the FLSA, tips remain the property of the employee that received them and the employee cannot be required to turn over his/her tips to the employer.  Similarly, the employer may not take the employee's tips to further an invalid tip pool, such as one that includes employees who do not customarily and regularly receive tips.

1.3 Plaintiff, Serah Dunphy, and the similarly situated individuals she seeks to represent, worked as cocktail waitresses and runners at Mercy Nightclub during its 2017 Super Bowl events from Feb. 2, 2017 through February 5, 2017 (hereinafter referred to as "Class Members"). Some of the Class Members also worked for Defendants at Mercy Nightclub both before and after their employment during Defendants' 2017 Super Bowl events, within the three years preceding the filing of this lawsuit. Plaintiff and Class Members were required to turn in all cash tips earned to Defendants upon receipt from customers. Defendants told Plaintiff and Class Members that tips would be divided evenly and paid at the end of each shift. However, Defendants did not pay Plaintiff and Class Members earned tips and unlawfully retained their tips. Additionally, upon information and belief, Defendants included in the tipping pool employees who do not customarily and regularly receive tips in further violation of the FLSA. Plaintiff and Class Members were also not paid for all hours worked.

1.4 Defendants' pay practices and policies applied not only to Plaintiff, but also to all Class Members. Therefore, Plaintiff brings this suit on behalf of herself and other similarly situated cocktail waitresses and runners who worked for Defendants.

## 2. JURISDICTION

2.1. This Court has federal question jurisdiction of this action under 28 U.S.C. §1331 as this case is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b).

## 3. VENUE

3.1. Venue of this action is proper in this court, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

# 4. PARTIES

4.1. Plaintiff, Serah Dunphy, lives in the Southern District of Texas. Plaintiff worked as a cocktail waitress and runner for Defendants from Feb. 1, 2017 to Feb. 5, 2017. Plaintiff Dunphy was an employee employed by Defendants within the meaning of the FLSA. Her written consent to join this lawsuit is attached hereto as Exhibit 1.

4.2. The class of similarly situated employees consists of all cocktail waitresses and runners who worked for Defendants within the last three years (hereinafter referred to as the "Class Members").

4.3. Defendant Project Aristocrat Life Foundation is a Texas corporation that may be served through its registered agent, 8IGHT FINANCIAL LLC, 6201 Bonhomme Rd., Ste. 340-N Houston, Texas 77036.

4.4. Defendant Mojeed Martins, Jr. is an individual who is an officer, principal, and director in the above corporate entities. He owns, operates, and/or manages the above corporate entities. Accordingly, Mr. Martins is liable as Plaintiffs' "Employer" under the FLSA to comply with the provisions set forth therein. Mr. Martins may be served at 1200 Post Oak #2110, Houston, Texas 77056.

4.5. Defendant Steven A. Rogers is an individual who is an officer, principal, and director in the above corporate entities. He owns, operates, and/or manages the above corporate entities. Accordingly, Mr. Rogers is liable as Plaintiffs' "Employer" under the FLSA to comply with the provisions set forth therein. Mr. Rogers may be served at 1703 Silver Street, Houston, Texas 77007-3912.

4.6. Defendant John Caravello was the General Manager of Mercy Nightclub during the time Plaintiff and the Class Members worked. Mr. Caravello provided instruction and

supervision and is liable as an "employer" under the FLSA to comply with the wage provisions set forth therein. Mr. Caravello owns, operates, and/or manages the above corporate entities. He is an employer under the FLSA and acted as such in relation to Plaintiff and Class Members. A determination as to where Mr. Caravello may be served will be provided in an Amended Complaint.

4.7. Defendant Tanner Cox was a manager of Mercy Nightclub during the time Plaintiff and the Class Members worked. Mr. Cox provided instruction and supervision and is liable as an "employer" under the FLSA to comply with the wage provisions set forth therein. Mr. Cox owns, operates, and/or manages the above corporate entities. He is an employer under the FLSA and acted as such in relation to Plaintiff and Class Members. A determination as to where Mr. Cox may be served will be provided in an Amended Complaint.

4.8. Defendants are liable to Plaintiff and Class Members as their employers, joint-employers, and because they are a single integrated business enterprise. Defendants operate nightclubs in and around Houston, Texas. They have common purpose, ownership, policies, upper-level accounting and control.

4.9. The individuals are liable under the FLSA since their acts which violated federal wage laws were undertaken on behalf of corporate entities for which they worked and/or which they operated and controlled.

## 5. **FLSA COVERAGE**

5.1 At all times relevant to this dispute, Defendants have been an enterprise within the meaning of the FLSA. 29 U.S.C. §203(r).

5.2 At all times relevant to this dispute, Defendants have been an enterprise engages in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §203(s)(1).

5.3 At all times relevant to this dispute, Defendants have had annual gross sales in excess of $500,000.00.

5.4 At all times relevant to this dispute, Plaintiff and the Class Members were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §207.

## 6. BACKGROUND FACTS

6.1 Plaintiff and the Class Members worked as runners and cocktail waitresses at Mercy Nightclub located at 1505 St. Emanuel Street Houston, Texas 77003 for the club's 2017 Super Bowl events which took place from February 2, 2017 through February 5, 2017. Approximately 15-20 individuals were employed by Defendants as cocktail waitresses and/or runners each night. Some Class Members also worked as cocktail waitresses and/or runners for Defendants before and/or after the 2017 Super Bowl events.

6.2 On or about January 28, 2017, Plaintiff and the Class Members attended one day of mandatory training beginning around 7pm and continuing until approximately 2am when Mercy Nightclub closed. During training, Plaintiff and the Class Members learned the tasked they would be required to perform which included serving drinks, delivering bottles of liquor to club patrons and collecting cash and credit card payments and/or tips.

6.3 During training, Plaintiff and Class Members were also told by Tanner Cox and John Caravello, who were introduced as the managers, that during the Feb. 2, 3, 4, and 5th events, they would be working as cocktail waitresses and/or runners and that they would

be paid all tips earned including gratuity from services sold online. They were told that they were required to turn in all cash tips and those tips would be divided equally between cocktail waitresses and runners at the end of each night. Plaintiff and Class Members were told the schedule that they were required to work and the uniforms that they would be required to wear each night.

6.4  Plaintiff and the Class Members were informed that they would be dividing all tips earned equally between cocktail waitresses and runners, including tips generated from a 20% gratuity charged from bottles and/or services sold through Mercy Nightclub's listing(s) online at Eventbrite.com.

6.5  Plaintiff and the Class Members worked from 7pm to anywhere from 2am-3am each night. Some Class Members also worked starting earlier on Saturday, Feb 4, 2017 for an additional day party event beginning at 12pm. Plaintiff and the Class Members were not paid at the end of each night even though they turned in all tips received per Defendants' instructions. Plaintiff and the Class Members earned thousands of dollars in cash tips alone over the course of their work from Feb. 2, 2017 through Feb. 5, 2017.

6.6  Plaintiff and the Class Members were not paid for their work until February 17, 2017. They received notice via a group text message to meet manage Tanner Cox at Mercy Nightclub to pick up their checks. However, to date certain Class Members have not received any payment for their work and/or have not received payment for all hours work and tips earned.

6.6  The checks received by Plaintiff and the Class Members purportedly as compensation for their work at Mercy Nightclub from February 2, 2017 through February 5, 2017 were personal checks of Steven A. Rogers. See Exhibit 2, Checks (personal bank information

redacted). However, Plaintiff and Class Members saw the manager, Mr. Cox, fill out the checks before he handed it to them at Mercy Nightclub on Feb. 17, 2017.

6.7 Plaintiff and the Class Members were not paid for all hours worked, were unlawfully required to participate in a tip pool with employees who do not customarily and regularly receive tips, and were not paid overtime compensation for hours worked in excess of forty hours per week.

6.8 Plaintiff and the Class Members were tipped employees and Defendants first informed them that they would be paid a base wage plus all tips received (including cash and online and/or credit card gratuity) and that tips would be split evenly at the end of each night. However, Plaintiffs were not paid for all hours worked, were required to share tips with non-service personnel who do not customarily and regularly receive tips, and did not receive an equal share of the tips collected by the Class Members.

6.9 Accordingly, Plaintiff and the Class Members were victims of the same policy or plan and denied compensation as a result of an unlawful tip pooling arrangement.

6.10 Defendants also failed to display the notice required by the FLSA for tipped employees. As a result, Defendants are disqualified from the "tip credit" under the FLSA and must reimburse Plaintiffs for any tip credit unlawfully deducted from their wages.

6.11 The illegal pattern or practice on the part of Defendants with respect to failing to pay Plaintiff and the Class Members for hours worked and the unlawful tip pooling arrangement were in violation of the FLSA. No exemption excuses Defendants from paying Plaintiff and the Class Members for all hours worked (including training) and all tips earned, nor did Defendants make a good faith effort to comply with the FLSA. Rather, Defendants knowingly, willfully or with reckless disregard, carried out its illegal

pattern or practice regarding failing to pay Plaintiff and the Class Members for hours worked and equal division of tips earned.

### 7. COLLECTIVE ACTION ALLEGATIONS

7.1 Other persons employed as cocktail waitresses and/or runners by Defendants have been victimized by the forgoing patterns, practices, and/or policies, which violate the FLSA. The failure to pay earned tips, Defendants unlawful tip pooling practices and sharing of tips with individuals outside those who customarily and regular receive them in accordance with the FLSA, upon information and belief, continues to occur and thereby, affects all cocktail waitresses and/or runners employed by Defendants.

7.2 The foregoing facts demonstrate that Defendants willfully violated the FLSA with regard to Plaintiff and other similarly situated cocktail waitresses and runners. Defendants employ other cocktail waitresses and runners that perform/performed the same or similar duties as Plaintiff. Like Plaintiff, the other cocktail waitresses and runners were not paid for all hours worked, were required to pool their tips with employees who do not customarily and regularly receive tips, and/or did not receive all tips earned as a result of their work. Defendants failed to pay these similarly situated employees in the same manner they failed to pay Plaintiff. These workers are entitled to payment for all hours worked and all unpaid tip wages.

7.3 Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The class is therefore defined as:

> "All current and former cocktail waitresses and runners employed by Defendants at any time during the period of (three years prior to date Complaint filed) to the present who were required to submit cash tips earned to Defendants while working and did not receive all earned tips as part of wages."

## 8. CAUSES OF ACTION

8.1 Plaintiff incorporates the allegation in the preceding paragraphs.

8.2 Defendants' practice of requiring cocktail waitresses and runners to turn in all tips earned during their employment, sharing tips with employees/individuals not customarily entitled to receive tips and not eligible to participate in a tip pooling arrangement and failing to compensate cocktail waitresses and runners all wages earned and for all hours worked violates the FLSA.

8.3 Defendants unlawfully withheld Plaintiff and Class Members earned tips in violation of the FLSA. 29 C.F.R. §531.35.

8.4 Accordingly, Plaintiff and all those similarly situated are entitled to their equal share of all tips turned in to Defendants and not recovered as a result of Defendants' unlawful tip-pooling arrangement.

8.3 Plaintiff and the Class Members are entitled to wages for all hours worked, all unpaid tips earned during their work with Defendants, overtime wages for all hours worked in excess of forty (40) hours in a workweek, an amount equal to all of their unpaid wages as liquidated damages, as well as their reasonable and necessary attorneys' fees and costs of this action. 29 U.S.C. §216(b).

## 9. JURY DEMAND

9.1 Plaintiff hereby demands a trial by jury.

## 10. PRAYER

10.1 WHEREFORE, Plaintiff and the Class Members respectfully request that judgment be entered in their favor, awarding them and all similarly situated employees:

10.1.1 Payment for all hours worked.

10.1.2 Payment for all earned tips

10.1.3 Tipped wages for all unpaid tip credit;

10.1.4 An equal amount of liquidated damages;

10.1.5 Pre and post-judgment interest as allowed by law;

10.1.6 Order Defendant to pay reasonable costs and attorney's fees in this action; and,

10.1.7 Order and grant such other relief as is proper and just.

Respectfully Submitted,

*/s/ Gregg M. Rosenberg*
Gregg M. Rosenberg
USDC SD/TX No. 7325
Texas State Bar ID 17268750
Tracey D. Lewis
USDC SD/TX No. 212007
Texas State Bar ID 24090230
ROSENBERG & SPROVACH
3518 Travis Street, Suite 200
Houston, Texas 77002
(713) 960-8300
(713) 621-6670 (Facsimile)

Attorney-in-Charge for Plaintiff

OF COUNSEL:
ROSENBERG & SPROVACH            ATTORNEYS FOR PLAINTIFF