IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **SERAH DUNPHY,** on Behalf of Herself and on Behalf of Others Similarly Situated, Plaintiffs, | § § § | CA No. 4:17-cv-1225 |
| v. | § § § | JURY DEMANDED |
| **PROJECT ARISTOCRAT LIFE FOUNDATION, WERUNTEXAS, LLC d/b/a MERCY, WE RUN HOU, LLC d/b/a ENGINE ROOM, JONATHAN REITZELL, STEVEN A. ROGERS, JOHN CARAVELLO, TANNER COX, AND MOHEED MARTINS, JR.** Defendants. | § § § § § § § § § § § | |

## PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND THIRD MOTION TO COMPEL TO ENFORCE COMPLIANCE WITH THE COURT'S PRIOR ORDERS ON DEFENDANTS' DISCOVERY RESPONSES [DKT. 68]

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Serah Dunphy, Plaintiff, on behalf of herself and others similarly situated ("Plaintiffs") files this Plaintiffs' Motion for Attorneys' Fees and Third Motion to Compel and to Enforce Compliance with the Court's Prior Orders on Defendants' Discovery Responses against Defendants WeRunTexas, LLC d/b/a Mercy, We Run Hou, LLC d/b/a Engine Room, Jonathan Reitzell, Steven Rogers and Moheed Martins ("Defendants") and shows the Court as follows:

### I.     NATURE AND STAGE OF THE PROCEEDINGS

1.      Plaintiff, Serah Dunphy filed this lawsuit on behalf of herself and others similarly situated on April 19, 2017 alleging a violation of the Fair Labor Standards Act, 29 U.S.C. §216(b) for failure to pay wages and overtime compensation. [Dkt. 1].

2.      Plaintiff filed her Motion for Conditional Certification and Notice to Potential Class Members on May 22, 2018 [Dkt. 35] and the Court granted that Motion on June 20, 2018.  [Dkt.

39.]. Defendants did not initially comply with the Court's order to provide Plaintiffs' counsel with the names, last known mailing addresses and email addresses for all putative class members. [Dkt. 39]. Therefore, Plaintiff filed a Motion to Modify the Court's Order on Plaintiffs' Motion for Conditional Certification to Extend Plaintiff's Deadlines to Provide Notice to Putative Class Members requesting that an updated list, complying with the Court's June 20, 2018 Order, be provided by July 20, 2018. Plaintiffs further requested that the deadline to send notice be adjusted accordingly to July 27, 2018 and the notice period be sixty days from July 20, 2018. [Dkt. 43]. The Court granted Plaintiffs' Motion on August 2, 2018, ordering Defendants to, "provide an updated list of putative class members to Plaintiffs' counsel in compliance with the Court's June 20, 2018 Order [Dkt. 39]" on or before August 17, 2018. [Dkt. 46].

3.      Defendants still failed to comply with the Court's August 2, 2018 Order necessitating Plaintiffs' filing of a Motion to Enforce the Court's Order Compelling Defendants to Produce an Updated List of Putative Class Members and to Modify the Court's Order on Plaintiffs' Motion for Conditional Certification to Extend Plaintiffs' Deadlines to Provide Notice to Putative Class Members on September 4, 2018. [Dkt. 51]. The Court granted Plaintiffs' Motion to Enforce on October 18, 2018 stating;

> [O]n or before October 30, 2018, Defendants WeRunTexas, LLC c/b/a Mercy, We Run Hou, LLC d/b/a Engine Room, Jonathan Reitzell, Steven A. Rogers, and Moheed Martins must provide an updated list of putative class members to Plaintiff's counsel in compliance with the Court's June 20, 2018 Order.

[Dkt. 52].

4.      Defendants again failed to comply with the Court's October 18, 2018 order necessitating the filing of Plaintiffs' Motion to Show Cause and for Sanctions on November 6, 2018. [Dkt. 53]. On January 25, 2019, the day the Court set Plaintiff's Motion to Show Cause for hearing, Defendants finally partially complied with the Court's Order. At the January 25, 2019

hearing, the Court extended the discovery cut off date to May 3, 2019, ordered written discovery to be propounded by February 1, 2019 and responses to written discovery to be made by February 11, 2019. [Dkt. 63]. The Court also ordered Plaintiffs' counsel to send a copy of the notice and consent form to putative class members within twenty (20) days and made the deadline for filing consents forty (40) days from the date of the Order [Dkt. 63].

5. Plaintiffs complied with the Court's January 25, 2019 Order and propounded written discovery on Defendants and sent out notices and consent forms by the deadlines set forth in the Court's Order. Despite the Court's February 11, 2019 deadline for Defendants to respond to Plaintiffs written discovery requests, on February 13, 2019, Defendants still had not produced its responses. Plaintiffs' counsel followed up with Defendants' counsel on February 13th and 14th, 2019 to no avail. Therefore, Plaintiff was forced to file a Motion to Compel Discovery Responses with the Court on February 27, 2019. [Dkt. 65].

6. The Court granted Plaintiffs' Motion to Compel Discovery Responses on March 22, 2019 ordering Defendants to provide their responses by March 29, 2019. [Dkt. 68]. The Court also ordered Defendants to produce the apartment number for opt-in Plaintiff, Chelsea Sewall, if any. Defendants have again failed to comply with the Court's March 22, 2019 Order.

7. Plaintiffs' counsel made a final attempt to confer with Defendants' counsel to obtain the discovery responses on April 1, 2019. Plaintiffs' counsel informed Defendants' counsel that a Motion to Compel would be filed with the Court by April 2, 2019 if the responses were not received. *Id.* Defendants' counsel then stated that, "Discovery will be answered in full by this Friday, April 5, 2019 by 5pm without court intervention." In deference to Defendants' counsel's assertion, Plaintiffs did not file its Motion to Enforce prior to April 5, 2019. However, on April 5, 2019, Defendants still failed to produce any discovery responses.

8.      Plaintiffs filed their "Second Motion to Compel and to Enforce Compliant with the Court's Prior Order on First Motion to Compel Discovery Responses [Dkt. 68]" on April 8, 2019. The Court set the Motion for hearing on April 11, 2019.  [Dkt. 71]. On that day, April 11, 2019, a few hours before the hearing, Defendants filed a Response with the Court requesting an extension of time until Thursday, April 18, 2019 "to respond in full to Plaintiff's discovery requests without objection, a failure of which will result in Defendants paying Plaintiff's reasonable and necessary attorney's fees incurred in pursuing discovery."  [Dkt. 72].  At the hearing, the Court, after questioning how the Plaintiffs would be prejudiced by waiting until April 18, ordered Defendants to produce discovery responses no later than 4pm on April 18, 2019 with the instruction that if the Defendants did not comply, Plaintiff was to file a motion requesting attorney's fees. Not only are the Plaintiff's requesting attorney's fees through this motion, it has now become necessary to ask for an extension of discovery in light of Defendant's dilatory discovery tactics and the last minute canceling of a deposition set for tomorrow, April 24, 2019. Because Plaintiffs still have no discovery on a discovery cutoff set for May 3, 2019, it is impossible to completely prepare this case for trial.

## II.      ARGUMENT

9.      Federal Rule of Civil Procedure 37(a) governs motions to compel discovery responses. Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production against another party when the latter has failed to produce documents requested under Federal Rule of Civil Procedure 34 or to answer interrogatories under Federal Rule of Civil Procedure 33. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).

10.     Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a motion to compel is granted, or if the requested discovery is provided after the motion was filed, "the court must, after

giving an opportunity to be heard, require the party...whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," except that "the court must not order this payment if: (I) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

11.    As explained herein, Defendants have blatantly failed to timely comply with multiple Court orders in this case, necessitating the filing of Motions to Compel and Motions to Enforce to proceed with this litigation. This case has been significantly delayed due to Defendants' actions.

12.    Plaintiff has in good faith attempted to confer to resolve these issues, however, even after asserting that discovery responses would be provided by April 18th and being ordered by the Court to provide responses by April 18th at 4:00 p.m., Defendants have still failed to comply. The discovery cut-off date is eleven (11) days away (May 3, 2019) and it is imperative that Defendants produce discovery responses to avoid any further delay.

13.    Accordingly, Plaintiffs respectfully request the Court grant this Third Motion to Compel and order Defendants to provide discovery responses immediately.

14.    Additionally, Plaintiffs further requests that the Court order Defendants to pay the attorneys' fees Plaintiffs incurred in having to bring three Motions to Compel discovery responses, as Defendants have still failed to comply with any of the Court's orders. During the April 8, 2019 hearing, the Court stated that if Defendants failed to comply and produce discovery by April 18th, Plaintiffs should submit a motion for attorneys' fees. Accordingly, Plaintiffs submit this Motion

requesting Defendants pay Plaintiffs' reasonable attorneys' fees incurred in the filing of multiple motions to compel. Plaintiffs submit the attached affidavit in support of its motion for attorneys' fees detailing the reasonable time spent in the drafting of these motions and the participation in related hearings.[1]

15.     Plaintiffs also, because of Defendants' actions are in a position where they have to request that the Court again extend the discovery cut-off date. Plaintiffs noticed the deposition of Steven Rogers for April 24, 2019, anticipating based on the Court's order that Defendants would respond to discovery no later than April 18th which would give Plaintiffs sufficient time to review those responses in advance of Defendant Rogers' deposition. Not only have Plaintiffs not received any discovery responses, but the matter is now compounded in that this morning, Defendants counsel informed that Defendants would be in trial (before the Honorable Alfred Bennett) as they are Defendants in another FLSA case. Trial in that case begins tomorrow morning.[2]

16.     In light of Defendants' failure to comply with the Court's order and provide any responsive discovery, Mr. Rogers unavailability for the noticed April 24th deposition, and with the May 3, 2019 discovery cut off only eleven (11) days away, Plaintiffs have no other choice but to request additional time to conduct discovery. Plaintiffs therefore request the court extend the discovery cut off thirty days to June 3, 2019.

17.     These requests are not for the purposes of delay but so that justice may be done.

### III.     RELIEF SOUGHT

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully requests that (1) this Court order Defendants WeRunTexas, LLC c/b/a Mercy, We Run Hou, LLC d/b/a Engine Room,

---

[1] See Exhibit 1, Affidavit of Gregg M. Rosenberg.
[2] See Exhibit 2, April 23, 2019 Email from Defendants' Counsel.

Jonathan Reitzell, Steven A. Rogers, and Moheed Martins to provide responses to Plaintiffs'

Requests for Production and Interrogatories by May 3, 2019 , (2) Defendants be ordered to pay

Plaintiffs' reasonable expenses and attorneys' fees incurred in the filing of multiple motions to

compel discovery responses as explained in the attached affidavit (Exhibit 1) and (3) that the Court

extend the discovery cut-off date to June 3, 2019.

Respectfully submitted,

*/s/  Gregg M. Rosenberg*
Gregg M. Rosenberg
USDC SD/TX No. 7325
Texas State Bar ID 17268750
Gregg@rosenberglaw.com
Tracey D. Lewis
USDC SD/TX No. 212007
Texas State Bar ID 24090230
Tracey@rosenberglaw.com
ROSENBERG | SPROVACH
3518 Travis, Suite 200
Houston, Texas 77002
(713) 960-8300
(713) 621-6670 (Facsimile)
Attorney-in-Charge for Plaintiff

OF COUNSEL:
ROSENBERG | SPROVACH                         ATTORNEYS FOR PLAINTIFFS


## CERTIFICATE OF CONFERENCE

No conference was required as this Motion is being filed in accordance with the Court's instruction as stated on the record on April 11, 2019 ordering that if Defendants WeRunTexas, LLC d.b.a Mercy, We Run Hou, LLC d/b/a Engine Room, Jonathan Reitzell, Steven Rogers, and Moheed Martins failed to provide their discovery responses by April 18, 2019, Plaintiffs could proceed with the filing of this Motion.

*/s/ Tracey D. Lewis*
Tracey D. Lewis

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of this document by all counsel of record and by means of the ECF electronic filing system and Defendants prospective new counsel who has not yet filed an appearance to date via email on April 23, 2019, to:

*Counsel of Record for Defendants WeRunTexas, LLC c/b/a Mercy, We Run Hou, LLC d/b/a Engine Room, Jonathan Reitzell, Steven A. Rogers, and Moheed Martins*

Derek H. Deyon
The Deyon Law Group, PLLC
2202 Ruth Street
Houston, Texas 77004
ddeyon@deyonlawgroup.com
(713) 481-7420

*/s/ Gregg M. Rosenberg*
Gregg M. Rosenberg